## Commonwealth v. Harbaugh

*Kevin A. Hess, Deputy District Attorney*, for Commonwealth.
*John B. Mancke*, for defendants.

SHUGHART, *P.J.*, January 29, 1979—On August 10, 1978, defendants, Clinton Richwine and Bruce Harbaugh, were operating their trucks north on Route 11 in West Pennsboro Township, Cumberland County, Pa. Loaded with stone, they were stopped by Pennsylvania State Trooper James H. Haag, a member of a PennDOT weight crew, while the team was en route to a location where they intended to set up a weighing station. Defendants' vehicles were stopped by the trooper and defendants were ordered to drive onto scales used by PennDOT for the purpose of checking the weight of vehicles operated in the Commonwealth. On the basis of the recorded weight, defendants were charged with a violation of the Act of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §4942(a), operating a truck with gross weight in excess of its registered gross

weight.[1] Defendants appealed from their summary conviction of the above violations and a de novo hearing was held before this court on December 19, 1978. The matter is presently before us for disposition.

Defendants contend that the stopping of their vehicles was improper since probable cause to believe that the vehicles were in violation of the Vehicle Code was lacking, citing Com. v. Murray, 460 Pa. 53, 331 A. 2d 414 (1975), and Com. v. Swanger, 453 Pa. 107, 307 A. 2d 875 (1973).

In Com. v. Swanger, supra, the court addressed this issue in the following manner: "[B]efore a police officer may stop a single vehicle to determine whether or not the vehicle is being operated in compliance with The Vehicle Code, he must have probable cause based on specific facts which indicate to him either the vehicle or the driver is in violation of the code." Id. at 115, 307 A. 2d at 879.

This position was reiterated by the court in Com. v. Murray, supra. Our inquiry must be directed towards the facts in possession of trooper Haag which would justify probable cause to make the stop of the vehicles.

From the testimony adduced at the hearing, it appears that the *only* fact causing trooper Haag to stop the vehicles was that the vehicles in question were loaded with stone. Aside from this observation, nothing else about the vehicles indicated any violation of the code or raised any suspicion that the

---

1. Defendant Richwine was charged with 75,210 pounds, while his vehicle was registered at 72,000 pounds. Defendant Harbaugh was charged with 77,030 pounds while his vehicle was registered at 73,280 pounds.

vehicles may have been overweight. The less than five percent overweight could not produce visible evidence of overweight. The fact that the vehicles were loaded with stone is insufficient to establish probable cause to make the stop, especially in light of the fact that the weight at which the respective vehicles were registered was unknown. The issue of the validity of systematic stops or roadblocks to determine possible motor vehicle code violations is not now in question because this was not a systematic stop. Defendants in the case at bar were singled out on the basis of *suspicions of the officer and weight crew while they were en route* to a location where they intended to set up a systematic weight station. Under these circumstances the principles enunciated in Swanger and Murray control.

The Commonwealth seeks to distinguish Swanger and Murray citing United States v. Harris, 421 F. Supp. 121 (E.D.Pa. 1976), on the basis that a lesser standard applies where the vehicle stopped is a commercial vehicle rather than a private vehicle. The decision in Harris indicates that the character of the vehicle is one fact to be considered when determining the reasonableness of the stop. Without passing on the validity of this distinction with reference to the cases cited above, even taking into consideration the fact that the vehicles involved were commercial vehicles, that fact alone under the circumstances of this case did not justify the stop.

## ORDER

And now, January 29, 1979, for the reasons stated in the opinion filed this date, defendants are found not guilty, costs to be paid by the county.